UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BRADFORD SOHN,**<br><br>Plaintiff,<br>v.<br><br>**MEDICREDIT, INC.,**<br><br>Defendant. | Civil Case No.:<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant Medicredit Inc.'s ("Medicredit") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA").

2. Defendant has placed dozens of telephone calls to Plaintiff Sohn's cellular telephone in an attempt to collect a debt allegedly owed by Plaintiff Sohn.

3. On multiple occasions, Plaintiff Sohn asked Defendant to stop calling him.

4. Nonetheless, the calls continued.

5. Calls after Plaintiff Sohn asked Defendant to stop calling were made without consent.

6. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

7. Accordingly, the calls all violated the TCPA, FDCPA, and the FCCPA.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA and the FDCPA, which are federal statutes. The Court has

supplemental jurisdiction over the FCCPA claim.

9. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business transactions within this District and because the conduct was directed at this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the conduct was directed at this District.

## PARTIES

11. Plaintiff Sohn is, and at all times mentioned herein was, a citizen of Florida and a resident of this district.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. Defendant Medicredit, Inc., and at all times mentioned herein was, a Missouri corporation headquartered at One Park Plaza, Nashville, TN 37203. It may be served in Florida at CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

14. Defendant Medicredit, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

15. In the past four years, Defendant has placed numerous telephone calls to Plaintiff's cellular telephone, number 310-###-0001.

16. These calls originated from Defendant, including, but not limited to, Defendant's telephone number 800-823-2318.

17. These calls were all in an effort to collect a debt allegedly owed by Plaintiff.

18. Defendant is, upon information and belief, a licensed debt collection agency.

19. Furthermore, the debt sought to be collected was, upon information and belief, incurred for primarily personal, family, and household purposes. This is believed because the person Defendant sought appeared to be an individual rather than a business, because Defendant collects on behalf of consumer-focused entities, and because of Defendant's extensive history of litigation by individuals relating to its attempts to collect a debt for personal, family, or household purposes.

20. Defendant was required to obtain prior express consent prior to making such calls.

21. Plaintiff never gave Defendant consent to make such calls to his cellular telephone.

22. Furthermore, because Plaintiff never agreed to the calls and did not want the calls, Plaintiff asked Defendant on numerous occasions to stop calling him.

23. Nevertheless, the calls continued.

24. As a result, the calls violated 15 U.S.C. § 1692d(5), which prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

25. Defendant continuing the calls after being asked to stop is indicative of intent.

26. Defendant's conduct further violates Fla. Stat. § 559.72(7), which prohibits

willfully communicating "with the debtor … with such frequency as can reasonably be expected to harass the debtor … or willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor[.]"

27. All of these calls were placed using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store number and to dial those numbers, or to produce telephone numbers to be called using a random or sequential number generator.

28. This is evidenced by:

- The inability to stop the calls;
- The frequency of the calls;
- A brief and unnatural pause from the time Plaintiff answered the calls until the time Defendant's agent comes on the line (for example, Defendant would not appear on the line until Plaintiff's second "hello");
- An often audible "click" prior to the agent appearing on the line;
- Defendant's registration of its equipment with the Texas Automatic Dial Announcing Devices registry.[1]

29. These calls were not made for any emergency purpose.

30. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

---

[1] https://www.puc.texas.gov/industry/communications/directories/adad/report_adad.aspx?ID=ADSQL01DB1245703600001

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited calls;
- Depleted battery and cost in charging his phone;
- Tying up of his telephone line;
- Invasion of Privacy;
- Nuisance.

31. These forms of actual injury are sufficient for Article III standing purposes.

32. Plaintiff is entitled to statutory damages, actual damages, and injunctive relief.

33. Specifically, Plaintiff is entitled to at least $500 for each call placed to his cellular telephone in violation of 47 U.S.C. § 227(b).

34. Plaintiff is also entitled to treble damages for each call made willfully or knowingly and in violation of the TCPA.

35. Defendant's actions were willful because Defendant made the calls of its own volition.

36. Defendant's actions were knowing violations of § 227(b) because Defendant knew it was placing calls to cellular telephones, knew it was using an automatic telephone dialing system, and knew or should have known it did not have consent.

37. Accordingly, Plaintiff is entitled to $1,500 per call for violations of § 227(b).

38. Plaintiff is also entitled to $1,000 plus attorneys' fees and costs for violations of the FDCPA.

39. Plaintiff is also entitled to $1,000 plus attorneys' fees and costs for violations

of the FCCPA.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(b) *et seq.*

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant placed repeated calls to Plaintiff on his cellular telephone.

42. Defendant knew, or should have known, that it was calling a cellular telephone.

43. These calls all used an automatic telephone dialing system.

44. Defendant knew that its calls used an automatic telephone dialing system.

45. Plaintiff did not consent to Defendant placing such calls to his cellular telephone.

46. Plaintiff also told Defendant on multiple occasions to stop calling.

47. Defendant therefore knew or should have known that it did not have consent to call Plaintiff's cellular telephone.

48. The calls were not placed for "emergency purposes."

49. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of 15 U.S.C. § 1692d(5)

51. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

52. Defendant is a "debt collector" as defined in the FDCPA.

53. Defendant placed repeated calls to Plaintiff on his cellular telephone in an attempt to collect an allegedly past due debt.

54. Upon information and belief, the debt sought to be collected was primarily for personal, family, or household purposes.

55. These calls continued after Plaintiff asked Defendant to stop.

56. These calls were therefore done with the intent to annoy or harass Plaintiff, in violation of 15 USC § 1692d(5).

57. Plaintiff is entitled to an award $1,000 statutory damages and attorneys' fees pursuant to 15 U.S.C. § 1692k(a).

### THIRD CAUSE OF ACTION
### Violations of Fla. Stat. § 559.55, *et seq.*

1. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

2. Defendant is a "person" "collecting consumer debts" as defined in the FCCPA.

3. Defendant placed repeated calls to Plaintiff on his cellular telephone in an attempt to collect an allegedly past due debt.

4. Upon information and belief, the debt was primarily for personal, family, or household purposes.

5. These calls continued after Plaintiff asked Defendant to stop on multiple occasions.

6. These calls were made willfully, and could reasonably be expected to harass and abuse Plaintiff.

7. Plaintiff is entitled to an award $1,000 statutory damages and attorneys' fees pursuant to Fla. Stat. § 559.77.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sohn prays for the following relief:

A.   An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227, *et seq.,* 15 USC § 1692, *et seq.*, and Fla. Stat. § 559.55, *et seq.*;

B.   An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C.   An award statutory damages under both the TCPA, FDCPA, and FCCPA;

D.   An award of actual damages;

E.   An award of reasonable attorneys' fees and costs; and

F.   Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** January 6, 2017

*s/: Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

*s:/Edward P. Dabdoub*
Edward P. Dabdoub
**WAGAR DABDOUB, P.A.**
1600 Ponce de Leon Blvd.
Suite 1205
Coral Gables, FL 33134
Tel: 305-754-2000
Fax: 305-754-2007
eddie@longtermdisability.net

*Attorneys for Plaintiff*